CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 29 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES DANIEL O'DONNELL, | ) |
| Plaintiff | ) Case No. 7:19-CV-54 |
| v. | ) |
| | ) By: Hon. Michael F. Urbanski |
| THOMAS MAJORS, et al., | ) Chief United States District Judge |
| Defendants | ) |

## ORDER

Pending in this case is defendants' motion in limine to exclude plaintiff's expert or, in the alternative, to compel an amended expert designation. ECF No. 31. In a scheduling order entered in this case on April 2, 2019, the plaintiff was directed to disclose the identity and a summary of all of opinions of any expert witness who was not retained or specially employed to provide expert testimony, such as a treating physician, within 75 days of the order. Defendants were directed to make the same disclosures within 90 days of the scheduling order. ECF No. 18 at ¶ 16.

The requirement to disclose the identity of a witness and a summary of the witness's opinion is set out in Federal Rule of Civil Procedure 26(a)(2)(C), which states that for witnesses who are not required to provide a written report, the disclosure must (1) identify the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) include a summary of the facts and opinions to which the witness is expected to testify. The Advisory Committe notes to the 2007 amendments to the rule state that the rule was added to mandate summary disclosures of the opinions to be offered by

expert witnesses who are not required to provide written reports (such as treating physicians), and the facts supporting the opinions. Fed. R. Civ. P. 26(a)(2)(C) advisory committee's notes to 2007 amendment.

Disclosures under Rule 26(a)(2)(C) are considerably less extensive than a report required by Rule 26(a)(2)(B) and courts should not require undue detail. Marr v. Abercrombie & Fitch Stores, Inc., No. 5:14-CV-123, 2015 WL 3827326, *4 (E.D.N.C. 2015) (citing the Advisory Committee notes). Nevertheless, "'to guard against the prejudice of unfair surprise on opposing parties, and for Rule 26(a)(2)(C) to have any meaning, summary disclosures must contain more than a passing reference to the care a treating physician provided.'" Id. (quoting Slabaugh v. LG Electronics USA, Inc., No. 1:12-CV-01020-RLY, *32015 WL 1396606 at *3 (S.D. Ind. 2015)). The disclosures "'must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions.'" Id. (quoting Slabaugh, 2015 WL 1396606 at *3).

On June 28, 2019, O'Donnell provided an initial expert disclosure to defendants in which he identified Dr. Shakeel Durrani as a physician who had treated him for injuries sustained in the accident that is the basis of this litigation. Regarding the summary of Dr. Durrani's opinion, O'Donnell stated the following:

> Dr. Durrani is an expert in the field of orthopedics and is expected to testify as to the treatment rendered to Plaintiff following the wreck, the causal relationship between the injuries sustained in the wreck and the medical treatment rendered by him. Plaintiff's counsel expects to solicit testimony from Dr. Durrani as to the permanent nature of the personal injuries sustained by the Plaintiff as a result of this wreck and future medical expenses and treatment, including surgery, which are reasonably expected to occur in the future. Dr. Durrani's opinion will be based on his review of the medical records, examination and treatment of Plaintiff, the history taken from Plaintiff, and years of experience and medical training.

ECF No. 31.

O'Donnell asserts that this disclosure is sufficient, and that in addition, all medical records have been provided in a timely fashion to defendants' counsel. O'Donnell further asserts that he currently is awaiting approval for surgery from worker's compensation and that the full extent of his injuries will be apparent upon surgery, at which time he will disclose them to defendants. Finally, O'Donnell states that he has disclosed to defendants that Dr. Durrani has advised that three epidural steroid injections have provided only temporary relief and the only thing that will provide more permanent relief will be decompression fusion and instrumentation surgery.

The court finds that this disclosure identifies Dr. Durrani as the treating physician expert and states the subject matter of the expected testimony, but falls impermissibly short of summarizing any actual opinion. It gives no clue as to any opinion Dr. Durrani will offer about the causal relationship between the injuries sustained in the wreck, the medical treatment he has received, or whether the injuries are permanent. While O'Donnell has disclosed that Dr. Durrani believes he will need surgery in the future, he does not summarize the doctor's opinion about future medical expenses or other future treatment. See Marr, 2015 WL 3827326 at *5 (collecting cases finding similar disclosures to be insufficient under Rule 26(a)(2)(C)).

Nor does production of medical records constitute a disclosure describing "the subject matter on which a witness is expected to testify." Vanderberg v. Petco Animal Supplies Stores, Inc., 906 F.3d 698, 703 (8th Cir. 2018). See also Kristensen ex rel. Kristensen v. Spotnitz, No. 3:09-CV-84, 2011 WL 5320686 (W.D. Va. 2011) (finding a party cannot comply with Rule 26(a)(2)(C) by disclosing the complete records of the treating physicians in issue).

3

The court believes that defendant's motion, ECF No. 31, is well taken to the extent that it requires an amended expert designation that contains a summary of Dr. Durrani's opinions with regard to the subjects of his testimony. The wrinkle here, however, is that O'Donnell is waiting to hear if additional surgery is going to be approved by workers' compensation. Such surgery, if performed, likely will change the medical opinions in this case. As such, defendants' motion is **GRANTED** to the following extent:

Once the surgical decision is made and/or surgery is performed, plaintiff should provide a timely amended expert designation with greater specificity as to Dr. Durrani's opinions as to causation, necessity of treatment, and medical expenses. Defendants' expert designation will be due 15 days after their receipt of O'Donnell's amended disclosure.

All other provisions of the scheduling order entered on April 20, 2019 remain in effect.

It is so **ORDERED**.

Entered: July 29, 2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge