IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES DANIEL O'DONNELL ) | |
| ) | |
| Plaintiff ) | Civil Action No. 7:19-cv-00054 |
| ) | |
| v. ) | |
| ) | |
| THOMAS MAJORS ) | |
| d.b.a. THOMAS MAJORS TRUCKING ) | |
| ) | |
| and ) | |
| ) | |
| THOMAS MAJORS TRUCKING ) | |
| ) | |
| and ) | |
| ) | |
| THOMAS MAJORS ) | |
| ) | |
| Defendants ) | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Now comes Plaintiff, by and through his counsel, and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and the Order of this Court entered on June 5, 2020, granting Plaintiff's Motion To Increase *Ad Damnum* and ordering Plaintiff to file an Amended Complaint in this matter within ten (10) days of the date of the Order.

Accordingly, the Plaintiff, Charles Daniel O'Donnell, for his First Amended

Complaint against the Defendants, Thomas Majors d.b.a. Thomas Majors Trucking, Thomas Majors Trucking, and Thomas Majors, states as follows:

Comes now Plaintiff, Charles Daniel O'Donnell, (hereinafter "Mr. O'Donnell" or "Plaintiff"), by counsel, and moves for judgment against Defendants, Thomas Majors d.b.a. Thomas Majors Trucking (hereinafter "Defendant Trucking"), Thomas Majors Trucking (hereinafter "Defendant Thomas Majors"), and Thomas Majors, individually, (hereinafter "Defendant Majors"), jointly and severally, on the grounds and in the amount set forth below.

1. Defendant Trucking, Defendant Thomas Majors, and Defendant Majors were in the business of interstate motor carrier operations.

2. On Thursday, the 27th day of October, 2016, Mr. O'Donnell was operating a tractor/semi-trailer in Pulaski County, Virginia.

3. At the same time and place, Defendant Majors, an employee/agent for Defendant Trucking and/or Defendant Thomas Majors was operating a tractor/semi-trailer in Pulaski County, Virginia, in furtherance of the business interests of Defendant Trucking and/or Defendant Thomas Majors.

4. (a) Defendant Majors and/or Defendant Trucking and/or Defendant Thomas Majors and/or any of the employees/agents for which Defendant Trucking and Defendant Thomas Majors is/are responsible for, had/have a duty not to be negligent and thereby cause injury to others using the roadway.

4. (b) Defendant Majors and/or Defendant Trucking and/or Defendant Thomas Majors and/or any of the employees/agents for which Defendant Trucking and Defendant Thomas Majors is/are responsible for, was/were negligent in his/their/its duty to properly train their employees to operate the tractor/semi-trailer so that it was safe for others using the roadway and his/their/its negligence breached his/their/its duty to Mr. O'Donnell as will be shown by the evidence.

4. (c) Defendant Majors, acting on his own behalf or on behalf of or as an employee of Defendant Trucking and/or Defendant Thomas Majors or under the supervision of one or all of the Defendants, violated his duty to operate the tractor/semi-trailer in a safe and non-negligent manner.

5. Each or any or all of the Defendants is responsible for the injuries to Mr. O'Donnell as the evidence will show.

6. As a direct and proximate result of the joint and several negligence of Defendants, a collision occurred causing Mr. O'Donnell to suffer serious injuries and a loss of income, and he will continue to suffer great pain of the mind and body; and he has incurred and will incur future hospital, doctor's, and related medical bills in an effort to be cured of his injuries, and will continue to suffer a loss of income all as a result of his injuries.

7. In addition to the foregoing, Mr. O'Donnell is entitled to recover from each or all of the Defendants punitive damages as a result of the conduct

complained of, including, but not limited to, Defendant Majors' driving backwards on the interstate in the lane or lanes of travel, driving backwards on the interstate in the lane or lanes of travel in the dark, driving backwards in the dark on the interstate in the lane or lanes of travel without flares and/or reflection hazard triangles set out, driving backwards in the dark in the lane or lanes of travel on the interstate without flares or reflectors and without any of those being placed in such a fashion to comply with the rules of the code of Federal and State safety standards, and such other violations of the law, all of which are so willful or wanton as to show a conscious disregard for the rights of others.

WHEREFORE, Charles Daniel O'Donnell respectfully requests that this Court enter judgment against Defendant Trucking, Defendant Thomas Majors, and Defendant Majors, jointly and severally, as follows:

1. For compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus interest from the date of the accident;

2. For punitive damages in the amount of THREE HUNDRED TWENTY-FIVE THOUSAND DOLLARS ($325,000.00), plus interest from the date of the accident; and,

3. Plaintiff's costs expended in this action including, but not limited to, his attorney's fees.

**A trial by jury is hereby demanded.**

**CHARLES DANIEL O'DONNELL**
By Counsel

*/s/ Michael E. Untiedt*
Michael E. Untiedt (VSB #17109)
102 East Main Street
P. O. Box 668
Marion, VA 24354
(276) 783-6193
(276) 783-6194 FAX
Email: michael@untiedtlaw.com

Dennis P. Brumberg (VSB #1031)
30 W. Franklin Road, Suite 300
Roanoke, VA 24011
(540) 343-2956
(540) 343-2987 FAX
Email: dbrumberg@bmwlaw.com

Charles Paul Stanley, III (VSB #36789)
390 West Spring Street
Wytheville, VA 24382
(276) 228-4003
(276) 228-2984 FAX
Email: cpstanley@email.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Katherine Beedie Adams, Esquire, KPM Law, 2840 Electric Road, Suite 111, Roanoke, VA 24018, counsel for Defendants.

/s/ Michael E. Untiedt